UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| **ANTHONY P. PERRY,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:19-cv-00470-WCL-SLC |
| | ) | |
| **UNIVERSAL DEDICATED INC.,** | ) | |
| | ) | |
| Defendant. | ) | |

## **OPINION AND ORDER**

On March 18, 2020, the Court approved and adopted an agreed amended protective order submitted by the parties. (ECF 27, 28). Now before the Court is another motion for a protective order filed by Defendant (ECF 33), seeking approval of a separate proposed protective order agreed to by the parties (ECF 33-1). But the motion and accompanying proposed order make no mention of the protective order already in place in this litigation. That is reason enough to summarily DENY the motion, as the Court is not amenable to piecemeal protective orders. If the parties want to amend the protective order already in place in this litigation (ECF 27, 28), then the parties should make that clear in the motion and submit a proposed amended order.

And even if the proposed order had been properly submitted as an amended proposed order, it would be not be approved because it is overly broad. Rule 26(c) allows the Court to enter a protective order for good cause shown.[1] *See Citizens First Nat'l Bank of Princeton v.*

---

[1] "[T]he same scrutiny is not required for protective orders made only for discovery as for those that permit sealed filings." *Containment Techs. Grp., Inc. v. Am. Soc'y of Health Sys. Pharmacists*, No. 1:07-cv-997-DFH-TAB, 2008 WL 4545310, at *3 (S.D. Ind. Oct. 10, 2008); *see also Baxter Int'l, Inc. v. Abbot Labs.*, 297 F.3d 544, 545 (7th Cir. 2002) ("Secrecy is fine at the discovery stage, before the material enters the judicial record. But those documents, usually a small subset of all discovery, that influence or underpin the judicial decision are open to public inspection unless they meet the definition of trade secrets or other categories of bona fide long-term confidentiality." (citations omitted)). Because the proposed order contemplates sealed filings (ECF 33-1 ¶¶ 3, 5), it requires a higher level of scrutiny.

*Cincinnati Ins. Co.*, 178 F.3d 943, 946 (7th Cir. 1999).  A protective order must only extend to "properly demarcated categor[ies] of legitimately confidential information."  *Id.*; *see MRS Invs. v. Meridian Sports, Inc.*, No. IP 99-1954-C-F/M, 2002 WL 193140, at *1 (S.D. Ind. Feb. 6, 2002) (rejecting proposed protective order because categories of protected information were overly broad and vague); *Cook, Inc. v. Boston Sci. Corp.*, 206 F.R.D. 244, 248-49 (S.D. Ind. 2001) (same).

The proposed order here fails to set forth adequately narrowed categories of legitimately confidential information.  It seeks to protect "[a]ny and all [United States Postal Service] policies and procedures" and "[a]ny and all employment and personnel records of Plaintiff, Plaintiff's work schedules, identity of supervisors and co-workers, number of hours worked, job duties, and union information."  (ECF 33-1 ¶ 1).  The order fails to explain why *all* of the Postal Service's policies and procedures are confidential, and fails to advance good cause for sealing routine employment information such as work schedules, names of supervisors and coworkers, hours worked, and the like.

"If the parties seek non-trade secret protection for any . . . information, they must present reasons for protection and criteria for designation other than simply that the information is not otherwise publicly available."  *Cook*, *Inc.*, 206 F.R.D. at 249.  "They must describe a category or categories of information and show that substantial privacy interests outweigh the presumption of public access to discovery material."  *Id.*  For material to be protected, it "must give the holder an economic *advantage* and threaten a *competitive* injury—business information whose release harms the holder only because the information is embarrassing or reveals weaknesses does not qualify for trade secret protection."  *Id.* at 248.  Accordingly, "merely asserting that a disclosure

2

of the information 'could' harm a litigant's competitive position is insufficient; the motion must explain how." *Shepard v. Humke*, IP 01-1103-C-H/K, 2003 WL 1702256, at *1 (S.D. Ind. Mar. 28, 2003) (citing *Baxter Int'l, Inc.*, 297 F.3d at 547).

Specifically as to employment records, "not all information in an employee's personnel file is considered private." *Little v. Mitsubishi Motor Mfg. of Am., Inc.*, No. 04-1034, 2006 WL 1554317, at *4 (C.D. Ill. June 5, 2006). "Indeed, there is nothing confidential about an employee's job title, job description, hiring date, or work assignment and location." *Id.*; *see also Smith v. City of Chi.*, No. 04 C 2710, 2005 WL 3215572, at *1 (N.D. Ill. Oct. 31, 2005). Further, while the Court recognizes Plaintiff's interest in the information contained in his personnel file, he "must accept the openness that goes with subsidized dispute resolution by public (and publicly accountable) officials. Judicial proceedings are public rather than private property." *Union Oil Co. of Cal. v. Leavell*, 220 F.3d 562, 568 (7th Cir. 2000). While "many litigants would like to keep confidential the salary they make, the injuries they suffered, or the price they agreed to pay under a contract, . . . when these things are vital to claims made in litigation, they must be revealed." *Baxter Int'l, Inc.*, 297 F.3d at 547; *see, e.g.*, *Brown v. Auto. Components Holdings, LLC*, No. 1:06-cv-1802-RLY-TAB, 2008 WL 2477588, at *1 (S.D. Ind. June 17, 2008) (denying leave to file the plaintiff's personnel and medical information under seal where the information was central to the case).

It is important to remember that "the public at large pays for the courts and therefore has an interest in what goes on at all stages of a judicial proceeding." *Cincinnati Ins. Co.*, 178 F.3d at 945. Accordingly, a protective order "may not issue absent an appropriate showing of good cause, as well as adherence to the other limitations the Seventh Circuit has emphasized apply to such orders." *Shepard*, 2003 WL 1702256, at *2. Here, the proposed order agreed to by the

parties falls short of the applicable legal standard.

For all of the foregoing reasons, the motion to approve agreed protective order (ECF 33) is DENIED without prejudice.

SO ORDERED.

Entered this 3rd day of December 2020.

                                          /s/ Susan Collins  
                                          Susan Collins  
                                          United States Magistrate Judge